UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMMY L. SUMPTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1242 HEA |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Timmy Sumpter for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civilly detained resident at the Missouri Sexual Offender Treatment Center (MSOTC), brings this action under 42 U.S.C. § 1983. Named as defendants are Alan Blake (COO, MSOTC), Johnathon Rosenboom (Chief Psychologist, MSOTC), Mary Beth Rowe (Head Nurse, MSOTC), Will Barton (Unit Program Supervisor, MSOTC), Nancy Simpson (Therapist, MSOTC), Betty Alvers (SAII, MSOTC), Angela Phillips (same), Mary Ann Richardson (same), Chris Webb (SAI, MSOTC), and MSOTC. The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on June 23, 2008, defendant searched his room and found that the brackets attaching his bed to the floor had been tampered with. Defendants

allegedly overturned the bed and found a "green leafy tobacco like substance" in a film container along with two Bic lighters, gum, and candy. Plaintiff claims that defendants ordered him to submit to a urine test but that he refused to do so. Defendants took plaintiff's refusal to submit to the urine sample as an admission that plaintiff had violated MSOTC's substance abuse policy. Plaintiff alleges that his freedom was restricted as a result of the violation.

On July 23, 2008, plaintiff was given a conduct violation for refusing to wear his identification tag. Plaintiff states that he was placed on total ward restriction for the infraction. Plaintiff claims that residents on total ward restriction are not allowed to eat regular food in the mess hall but are limited to "health shakes." Plaintiff claims that he refused to eat any health shakes while he was confined on total ward restriction.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v.

Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of September, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE